# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:98-CR-005149-(1)-LJO |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| MARTIN CHAVEZ-ZARATE, | |
| Defendant. | (ECF No. 320) |

## I. INTRODUCTION

Before the Court is Defendant Martin Chavez-Zarate's ("Defendant" or "Chavez-Zarate") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), ECF No. 320, in accordance with United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782 to the USSG. Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782"). The Government has opposed the motion on the basis that, although Defendant is eligible for a reduction under § 3582, his motion should be denied because of the leadership role he played in a long-term drug trafficking conspiracy that included ties to members of

1

cartels in Colombia and Mexico, that he was on probation at the time of the offense for a prior drug conviction, and that he laundered the drug proceeds. *See* ECF No. 324. Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court grants Defendant's motion and reduces his sentence from life to 405 months' imprisonment.

## II. **BACKGROUND**

After an eight-day trial with two codefendants, Defendant was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as well as four counts of money laundering, in violation of 18 U.S.C. § 1956(a). At trial, the Government presented evidence that Defendant was involved in a long-term conspiracy to distribute and possess with intent to distribute at least 351 kilograms of cocaine. At trial, "[s]everal confidential informants, some of whom were convicted drug traffickers, described [Defendant] as being a major cocaine supplier." PSR at 3. One testified that Defendant had been dealing drugs since 1988, and recordings obtained through a wiretap investigation showed that Defendant "was involved in an ongoing nationwide conspiracy to traffic narcotics." PSR at 4. Evidence at trial showed that he worked with associates of Colombia's Cali Cartel and Mexico's Juarez Cartel. PSR at 5, 19. Witnesses at trial also testified that payments defendant made in 1994 and 1995 for a home in Reedley, California, were proceeds from the drug trafficking conspiracy. PSR at 9. Following the arrest of two co-conspirators in 1997, Defendant fled to Colima, Mexico, and was a fugitive until he was arrested in California in August 1998. *Id*.

The probation officer recommended in the PSR recommended a life sentence for the drug conviction and concurrent 20-year sentences for the money laundering convictions. PSR at 18, 20. The PSR noted that the Government believed that Defendant was involved in "countless nationwide drug transactions from 1988 to 1997" but that the conspiracy offense for which he was charged involved seizure of 351 kilograms of cocaine, which resulted in a base offense level of 38. The PSR

recommended a four-level increase because Defendant "employed numerous individuals throughout the United States who distributed cocaine for him[,]" played a leadership role in securing the 351 kilograms of cocaine involved in the conspiracy offense, and fled the United States after two co-conspirators were arrested. PSR at 10. In addition, because of a prior conviction for aggravated possession (approximately 400 pounds) of marijuana in Texas in 1988, for which he was still on probation at the time of the conspiracy offense, the PSR calculated that he had three criminal history points, for a criminal history category of II. A base offense level of 42 with a criminal history category II resulted in a Guidelines range of 360 months to life.

On March 20, 2000, Judge Oliver W. Wanger adopted the PSR's recommendation of a life sentence for the conspiracy count and concurrent 20-year sentences for each of the money laundering counts. ECF No. 184. The Ninth Circuit affirmed the conviction and sentence. *United States v. Chavez-Zarate*, 45 F. App'x 805, 806 (9th Cir. 2002).

On June 1, 2017, Defendant moved to reduce his sentence pursuant to § 3582 and Amendment 782 to the USSG. ECF No. 320. The Government opposed, ECF No. 324, and Defendant replied, ECF No. 325. The matter is ripe for review.

### III. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (quoting § 3582(c)(2))). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also

voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

## IV. DISCUSSION

The initial inquiry is whether Defendant is eligible for a sentence reduction. This issue is not disputed, as both parties agree that he is eligible. ECF Nos. 320, 324. Amendment 782 to the Sentencing Guidelines revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to Defendant's drug trafficking conviction. Under Amendment 788,

4

Amendment 782 applies retroactively to Defendant's sentence. Defendant is now eligible to have his offense level re-calculated from 42 to 40 (because the base offense level before the four-point enhancement was 38 and would now be 36). With an offense level of 40, criminal history category II, the Guideline range applicable to Defendant is 324 to 405 months.

The second step of the inquiry requires the Court to consider, in its discretion, whether a reduction under § 3582 is appropriate given the facts of this case. The Government argues that the Court should not grant Defendant a sentence reduction because of the aggravated nature of the offense, including his "lengthy involvement in drug smuggling and money laundering." Opp. at 5. In particular, the Government points to Defendant's leadership role in the long-term drug trafficking conspiracy, which ended with the seizure of over 350 kilograms of high-purity cocaine. Defendant "ha[d] been involved in trafficking large quantities of narcotics since at least 1988," "played a leadership role in securing approximately 350 kilograms of cocaine" in connection with the offense for which he was found guilty at trial, fled the United States when his associates were arrested, and was not apprehended until approximately nine months later. PSR at 10. He was "closely associated with individuals linked with major drug cartels in Colombia [the Cali cartel] and Mexico [the Juarez cartel]." PSR at 18. He was on probation for a 1988 offense involving approximately 400 pounds of marijuana at the time that he was involved with the cocaine trafficking. PSR 11-12. In addition, he committed money laundering offenses with the proceeds of drug trafficking. The PSR recommended that "[i]n view of the extraordinary quantity of drugs seized, as well as the defendant's role as a major cocaine distributor in North America," Defendant be sentenced to life imprisonment. PSR at 19.

Defendant argues in support of a sentence reduction that he has been a model prisoner. He has been in custody since 1998 and has had no disciplinary infractions during that two-decade span, despite the fact that people sentenced to life in prison often have little incentive for good behavior. According to letters submitted from staff at the correctional facilities where he has been housed, Defendant is a member of the Honor Unit for good behavior and has served as a mentor to other inmates. He is 64

years old and suffers from health problems, including requiring coronary bypass surgery in 2011. While conceding that a sentence at the high end of the guideline range in the first instance generally results in a high-end reduced sentence as well, Defendant argues that his exceptional behavior while incarcerated warrants a reduction to the low end of the Guidelines range, which is 324 months.

Having reviewed and considered Defendant's crime, the original PSR, the § 3553(a) factors, public safety considerations, and Defendant's post-sentencing conduct, the Court reduces Defendant's sentence from life to 405 months. In doing so, the Court takes into account the policy goals underlying Amendment 782, which favors a two-point reduction in the base offense level for crimes involving drug quantities applicable in this case. *See* Amendment 782 ("The purposes of the amendment are to reflect the Commission's determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step toward alleviating the overcapacity of the federal prisons"); s*ee also United States v. Luna*, No. 1:95-CR-05036-AWI, 2015 WL 4599383, at *4 (E.D. Cal. July 29, 2015) (noting that barring disqualifying facts, a qualifying defendant's sentence is to be adjusted in accordance with the Guidelines amendment). The Court further notes that were Defendant sentenced for this crime in the first instance today, his sentence would likely reflect the amended Guidelines range. Therefore, the Court believes that a reduction is warranted. The sentencing judge presided over the trial, heard testimony, and found a sentence at the high end of the range to be appropriate. This Court will not second-guess that judgment. A sentence at the high end of the newly reduced range is likewise appropriate, and the Court accordingly reduces the sentence to 405 months' imprisonment.

### V. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Martin Chavez-Zarate's motion to reduce his sentence is **GRANTED**, pursuant to 18 U.S.C. § 3582(c)(2). Defendant's sentence is hereby reduced to a term of 405 months' imprisonment.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment

remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**T**he Clerk of the Court **SHALL** close this case.

IT IS SO ORDERED.

Dated: **September 14, 2018**              /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE