UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN CHAVEZ-ZARATE.<br><br>Defendant. | Case No.  1:98-CR-5149-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR HARDSHIP CREDIT<br><br>(Doc. 360) |

Martin Chavez-Zarate was found guilty after a jury trial in 1999 of being part of a narcotics trafficking conspiracy, which included money laundering activity.  (Doc. 154, 155.) District Judge Oliver W. Wanger sentenced Chavez-Zarate to a life term as to the drug conspiracy and a term of twenty years as to the money laundering convictions.  (Doc. 179.)  The Ninth Circuit affirmed the conviction and sentence.  *United States v. Chavez-Zarate*, 45 F. App'x 805, 806 (9th Cir. 2002).  The Supreme Court denied certiorari.  *Chavez-Zarate v. United States*, 546 U.S. 1038 (2005).

In 2018, Chavez-Zarate's sentence was reduced to 405 months pursuant to 18 U.S.C. § 3582 and Amendment 782 of the Sentencing Guidelines. (Doc. 326.)  Chavez-Zarate is currently incarcerated in Ohio at Elkton FCI; he has an anticipated release date of August 28, 2026.  *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 23, 2023).  He was previously incarcerated at Giles W. Dalby Correctional Facility in Post, Texas

1  when it operated in "lock-down status", (Doc. 360 at 1), during the height of the COVID-19
2  pandemic.

3        Chavez-Zarate now brings a "Motion for Hardship Credit for Hard Time Served," in
4  which he requests that the Court "grant the hardship credit for hard time served and grant [him]
5  two days credit for one served for the time . . . [he] was locked down in Giles W. Dalby
6  Correctional Facility, since March of 2020 due [to] Covid-19." (Doc. 360 at 3.)  In support of
7  this request, he describes various conditions of his confinement that he says violate his
8  constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. (Doc. 360 at 2.)

9        Generally, a federal court "may not modify a term of imprisonment once it has been
10 imposed." 18 U.S.C. § 3582(c).  "A judgment of conviction that includes a sentence of
11 imprisonment constitutes a final judgment and may not be modified by a district court except in
12 [the] limited circumstances" articulated in 18 U.S.C. § 3582(c), none of which Chavez-Zarate
13 invokes here. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)).  Because
14 this Court has already sentenced Defendant, "any calculation of credit for time served is within
15 the exclusive province of the Bureau of Prisons . . ." *United States v. Montana-Equihua*, at *1,
16 2021 WL 5087135 (S.D. Cal. Nov. 2, 2021) (citing *United States v. Peters*, 470 F.3d 907, 908
17 (9th Cir. 2006) (per curiam)).  This Court therefore lacks authority to grant the relief sought.

18       To the extent Defendant is attempting to challenge the manner or method of his
19 confinement, he must do so in the district in which he is confined. *See generally* 28 U.S.C. §
20 2441; *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (generally, "petitions
21 that challenge the manner, location, or conditions of a sentence's execution must brought
22 pursuant to § 2241 in the custodial court").

23       To the extent Defendant's motion could be interpreted as one for compassionate release
24 under 18 U.S.C. § 3582(c)(1), such a motion may only be brought "*after the defendant has fully*
25 *exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion
26 on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden
27 of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).
28 Defendant's motion for hardship credit makes no mention of exhaustion or pursuing

1  administrative remedies.[1]  For the reasons stated above, Defendant's motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 24, 2023**

                                          UNITED STATES DISTRICT JUDGE

---

[1] On May 19, 2023, Chavez-Zarate filed a separate motion seeking sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on other grounds, which the Court will address separately after that motion is fully briefed.